**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ELVIN LOUIS HOUSER
                      Plaintiff,

      - against -

ANGEL L. TORRES, et al.
                      Defendants.
----------------------------------------------------------X

**ORDER**

CV 07-0954 (ENV) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Elvin Louis Houser ("Houser") filed this personal injury action against Angel L. Torres ("Torres") and Lakeland Bus Lines, Inc. ("Lakeland") in the Supreme Court of the State of New York, County of Kings, on January 31, 2007. *See* Docket Entry ("DE") 1 (including, among other documents, the defendants' Notice of Removal ("Notice") and plaintiff's Verified Complaint ("Complaint")). On March 5, 2007, the defendants jointly filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that the defendants have not satisfied their burden of establishing that this court has original jurisdiction, and furthermore that they have failed sufficiently to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed pursuant to 28 U.S.C. § 1446(c)(4). *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504 (E.D.N.Y. Feb. 24, 2006).

A.    <u>Removal Procedures Generally</u>

A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must examine it "promptly." 28 U.S.C. § 1446(c)(4). "If it

clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*.

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met.  Specifically, Torres and Lakeland must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir. 1979)).  With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]."  *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994).  A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if complaint does not establish amount in controversy, "the court may look to the petition for removal").

      B.      <u>The Effects of New York's Procedural Law on Removal to Federal Court</u>

Houser's complaint does not specify the amount of damages sought, and for good reason.  New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury case

like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that the motor vehicle owned by Lakeland and operated by Torres "came into contact" with Houser, Complaint ¶16 – the Complaint employs boilerplate language to assert the extent of Houser's injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. Complaint ¶¶ 20-24.

> In describing Houser's injuries, the Complaint's most specific allegation is that he
>
> sustain[ed] severe, painful and serious injuries in and about the head, limbs and body; became sick, sore, lame and disabled; was caused to suffer contusions, abrasions, lacerations, fractures and/or sprains; was caused to suffer a severe shock to the nervous system and certain internal injuries; was caused to suffer and still continues to suffer great physical pain, mental anguish and bodily injuries; was confined to a hospital, bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention and to expend diverse sums of money for same; was prevented from engaging in [his] usual occupation and activities for a long period of time ...

Complaint ¶ 20. Although I can infer from these allegations that Houser may seek a substantial recovery if the defendants' liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)).

The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that this "is a civil action where the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs[.]" Notice ¶¶ 7, 8. This conclusion is presumably based on the Complaint's allegations that Houser suffered severe injuries and that some of those injuries are permanent. Complaint ¶ 20. Even assuming these assertions to be

true, however, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that Houser seeks as a result of his injuries – exceeds $75,000.

Accordingly, I conclude that the pleadings now before the court do not establish the existence of federal jurisdiction and thus, that the defendants have failed to satisfy their burden. *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

The defendants are not without recourse. The same state law provision that prohibited Houser from including an allegation in his complaint that might support a sufficient notice of removal also provides a procedural mechanism by which the defendants can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2).

Nor are the defendants prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins

when the defendants receive "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2). Where the response to a supplemental demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendants to seek removal within 30 days. *See DeMarco*, 2006 WL 463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

C. Remand And Review Procedures

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. Requiring the defendants to seek supplemental information under state law before attempting to remove the case places no meaningful burden on them that they will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, the defendants will need to find out the extent of the damages that Houser claims to have sustained. I decide no more than that they must seek out that information before coming to this court, not after. If the defendants learn that Houser seeks damages in excess of $75,000, they may seek to reopen the case in this court and Houser will have to bear the burdens associated with the removal. On the other hand, if it turns out that Houser does not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that is not properly before it. *DeMarco*, 2006 WL 463504, at *2.

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendants to lodge any objections they may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See, e.g., Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

The defendants will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period

of time sufficient for the defendants to file any objections they may have. Under the pertinent rules, a stay until March 27, 2007, will accomplish that purpose. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time). Should the defendants actually pursue such relief, they may of course apply to me or to the district judge for a further stay pending resolution of their objections.[1]

D.  Conclusion

For the reasons set forth above, I respectfully direct the Clerk to enter an order remanding this case to the Supreme Court of the State of New York, Kings County. In order to afford the defendants sufficient time to file a motion for reconsideration of this order by the assigned district judge, I stay this order until March 27, 2007. Counsel for the defendants is directed to serve a copy of this order on the plaintiff, and to electronically file proof of such service no later than March 15, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
March 8, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] In addition, if the defendants can establish the amount in controversy before the stay elapses, either by virtue of information provided by Houser or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order. If the defendants obtain information sufficient to establish that the amount in controversy exceeds the statutory minimum after March 27, 2007, they may move to reopen this case on that basis, and need not commence a new action and pay a second filing fee.